IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS K. BUSH,<br><br>    Plaintiff,<br><br>  v.<br><br>ESTATE OF J.D. BUSH, ESTATE OF OSCAR L. BUSH, BUSH BROTHERS & COMPANY, *subsidiaries and related trusts*, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:10-cv-2911-RWS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's Application to Proceed In Forma Pauperis ("IFP"), affidavit of indigency, and proposed complaint (Doc. 1). In plaintiff's proposed complaint, plaintiff, who is proceeding without counsel, alleges a number of claims against the estate of plaintiff's deceased father; plaintiff's brother, the executor of the estate of plaintiff's deceased father; other relatives, and the estates and trusts of other relatives, alleged relatives and ancestors; a Tennessee bank and its subsidiaries; and other named and unnamed defendants apparently associated with the probate of plaintiff's deceased father's estate in the Chancery Court for Knox County,

Tennessee, Case No. 67241-1. In support of plaintiff's application to proceed IFP, plaintiff refers the court to a number of earlier cases that have already been adjudicated or dismissed.[1]

After consideration of plaintiff's affidavit of indigency, I find that plaintiff meets the financial requirements for *in forma pauperis* status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, the court must also

---

[1] Plaintiff's prior cases include: (1) Civil Action File No. 1:02-CV-0128-RLV ("Bush I"), filed by plaintiff, proceeding pro se, on January 17, 2002, dismissed with prejudice by Judge Robert L. Vining, upon the recommendation of Magistrate Judge Walter E. Johnson, on November 14, 2002; (2) Civil Action File No. 1:03-CV-2499-RLV ("Bush II"), filed by plaintiff, proceeding pro se, on July 17, 2003, dismissed on grounds of res judicata, or claim preclusion, by Judge Robert L. Vining, upon the recommendation of Magistrate Judge Gerrilyn G. Brill, on January 29, 2004; (3) Civil Action File No. 1:04-CV-02169-ODE ("Bush III"), filed by plaintiff, proceeding pro se, on July 21, 2004, dismissed as frivolous, by Judge Orinda D. Evans, on October 1, 2004; (4) Civil Action File No. 1:05-CV-3115-ODE, filed by plaintiff, proceeding pro se, on December 7, 2005, against the IRS and multiple other defendants. In 1:05-CV-3115-ODE, plaintiff's claims regarding entrapment, back taxes, the constitutionality of independent contractor tax statutes, and due process were dismissed as frivolous by Judge Orinda D. Evans, on February 6, 2006. Plaintiff's amended complaint and remaining claim in that lawsuit regarding alleged retaliation by his employer were dismissed with prejudice by Judge Orinda D. Evans on January 30, 2008. In 1:08-cv-2595-ODE-GGB, filed by plaintiff, proceeding pro se, against his employer and other defendants, Judge Evans denied plaintiff's motions for an evidentiary hearing and a restraining order, and dismissed the case, upon recommendation of Magistrate Judge Gerrilyn G. Brill, on September 10, 2008. Plaintiff's subsequent motion for leave to proceed on appeal IFP was denied as frivolous by the Eleventh Circuit Court of Appeals.

determine whether plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).

## Discussion

Plaintiff's proposed complaint alleges that the defendants conspired to deprive plaintiff of certain property rights, including his share of his deceased father's residence located in Knoxville, Tennessee. Plaintiff further alleges that defendants John R. and Nancy J. Bush exercised undue influence on plaintiff's father prior to his death, and convinced his father to defraud the plaintiff and write a fraudulent will. Plaintiff also contends that the defendants have committed a host of additional federal and state offenses, including, among others: breach of fiduciary duty; mail fraud; wire fraud; RICO violations; and State of Tennessee criminal code violations. (Doc. 1-1). For the alleged violations, plaintiff demands five million dollars in punitive and exemplary damages from defendant Bush Brothers and Company, as well as five

million dollars for future, hedonic and irreparable damages. In addition, plaintiff demands one million dollars from defendant Robert Godwin, attorney for the executor of plaintiff's father's estate, for punitive and exemplary damages, and an additional one million dollars for future, hedonic and irreparable damages. Plaintiff also seeks millions of dollars in damages from the remaining defendants, including, but not limited to, John R. Bush, Nancy Bush, Rebecca Bush, Jay Bush, Jennifer Collier, Home Federal Bank and its subsidiary companies, Home Federal Bank's branch manager individually, and others. (Id.).

Having reviewed the complaint, I find that plaintiff's rambling and conclusory allegations lack an arguable basis either in law or in fact, Neitzke, 490 U.S. at 327, and "the 'plaintiff's realistic chances of ultimate success are slight.'" Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)(quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)). Plaintiff's complaint also fails to contain "a short and plain statement of the grounds for the court's jurisdiction," pursuant to Rule 8 of the Federal Rules of Civil Procedure.

For these reasons, I find that plaintiff's complaint is frivolous and **RECOMMEND** that it be **DISMISSED without prejudice** pursuant to 28 U.S.C.

AO 72A
(Rev.8/82)

§ 1915(e)(2)(B)(i). Plaintiff's request to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for purposes of dismissal.

### Summary

1) Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED** solely for purposes of dismissal.

2) For the reasons stated above, I **RECOMMEND** that this action (Doc. 1-1, and exhibits) be **DISMISSED without prejudice** as frivolous.

**SO ORDERED AND RECOMMENDED**, this 29th day of October, 2010.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE