RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 13 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS K. BUSH | ) |
| PLAINTIFF | ) |
| | ) |
| V | ) |
| | ) |
| ESTATE OF JD BUSH, | ) |
| ESTATE OF OSCAR L. BUSH, | ) |
| BUSH BROTHERS + COMPANY, | ) |
| SUBSIDIARIES, AND RELATED TRUSTS, | ) |
| JOHN R. BUSH, | ) |
| NANCY J. BUSH, | ) 1:10-CV-2911 |
| JOHN JOSEPH BUSH, | ) |
| REBECCA E. BUSH, | ) |
| JAY BUSH, BUSH BROTHERS + | ) |
| COMPANY, | ) |
| HOME FEDERAL BANK, A.K.A | ) |
| HOME FEDERAL SAVINGS | ) |
| JENNIFER COLLIER, | ) |
| BRANCH MANAGER HOME FEDERAL | ) |
| BANK, | ) |
| ROBERT W GODWIN, BPR 000644 | ) |
| ATTORNEY FOR ESTATE OF JD BUSH, | ) |
| AND OTHER UNNAMED DEFENDANTS | ) |
| DEFENDANTS | ) |

(1)

COMPLAINT   1:10-CV-2911

COMES NOW, THE PLAINTIFF IN THE ABOVE CAPTIONED ACTION, ALLEGES THE FOLLOWING,

1. THE DEFENDANTS IN THE ABOVE CAPTIONED ACTION HAVE CONSPIRED TO DEPRIVE THE PLAINTIFF OF PROPERTY RIGHTS, THE PLAINTIFF'S SHARE OF THE HOME LOCATED AT 2104 BELCARO DR. KNOXVILLE, TENN. 37918

2. THE WILL WAS WRITTEN WITH THE INTENT TO DEFRAUD THE PLAINTIFF, THOMAS K. BUSH, THE DECEDENTS YOUNGEST CHILD, OUT OF MY SHARE OF A TRUST FUND THAT EXISTS IN THE NAME OF OSCAR L BUSH, THE DECEDENTS, JD BUSH'S FATHER AND THE PLAINTIFF'S GRANDFATHER. THE PLAINTIFF ALLEGES HIS GRANDFATHER OSCAR L BUSH WAS ONE OF THE BUSH BROTHERS, WHO FOUNDED BUSH BROTHERS CANNING COMPANY, THE LARGEST PRODUCER OF CANNED BEANS IN THE WORLD.

(2)

3. THE PLAINTIFF ALLEGES THE DEFENDANTS HAVE CONSPIRED TO, AND IN FACT HAVE VIOLATED U.S.C. 18 § 1341 MAIL FRAUD, AND U.S.C. 18 § 1343 WIRE FRAUD. THE PLAINTIFF WOULD CITE U.S. V ALTMAN, C.A.2.(N.Y.) 1995 48 F.3D. 96

U.S. V CAMIEL, C.A.3 (PA) 1982 689 F.2D 3

U.S. V CRAIG (1977) C.A.7 (ILL) 573 F.2D 455

U.S. V SMITH, C.A.11 (GA) 1991, 934 F.2D 270

U.S. V PACHEOCO-ORTIZ, C.A.1 (PUERTO RICO) 1989 889 F.2D 301

U.S. V PLATT C.A.7. (IND) 1970 435 F.2D, 220

THE PLAINTIFF ALLEGES THE DEFENDANTS HAVE VIOLATED U.S.C. 18 § 1951, U.S.C 18 § 1952, IN REGARDS TO RACKETEERING, EXTORTION. THE PLAINTIFF ALLEGES THE DEFENDANTS HAVE VIOLATED U.S.C 18 § 1961 RICO, AND DO IN FACT FORM AN "ENTERPRISE", AND THERE IS IN FACT A PATTERN OF RACKETEERING ACTIVITY, WITH MORE THAN TWO PREDICATE ACTS HAVING BEEN COMMITTED.

CAPLE CO V SCHULTZ, N.D. TEX 1991, 779 F.SUPP 392

(3)

THE PLAINTIFF ALLEGES THAT HOME FEDERAL BRANCH MGR. JENNIFER COLLIER, HOME FEDERAL BANK AKA HOME FEDERAL SAVINGS AND LOAN HAVE VIOLATED U.S.C 18 § 1005, U.S.C 18 § 1006, U.S.C 18 § 1341, U.S.C 18 § 1343, U.S.C 18 § 1951, U.S.C 18 § 1952, AND U.S.C 18 § 1961 RICO, AND CONSPIRED WITH DEFENDANTS JOHN R. BUSH, NANCY J BUSH, ROBERT W. GODWIN, ETAL IN AN ATTEMPT TO DEFRAUD THE PLAINTIFF OUT OF MONIES OWED TO THE PLAINTIFF BY THE ESTATE, BENEFICIARIES, ETAL.

4. THE PLAINTIFF REFERS THE COURT TO EXHIBIT (A), RESPONSE OF DEFENDANTS TO MOTION OF CONTEST FILED BY THOMAS KYLE BUSH, AND LETTER DATED SEPTEMBER 24, 2007 SIGNED BY THE DECEDENT JD BUSH AND DEFENDANT ROBERT W. GODWIN THE PLAINTIFF ALSO REFERS A LETTER SENT TO THE PLAINTIFF VIA U.S. MAIL DATED/POSTMARKED JULY 18, 2008. THE PLAINTIFF REFERS THE COURT TO PARAGRAPH ONE OF THAT LETTER, WHEREIN DEFENDANT JOAN R BUSH WRITES,

4. "OSCAR LEE BUSH WAS NOT ONE OF THE FOUNDERS OF BUSH BROS." HIS BROTHER A.J BUSH WAS THE SOLE FOUNDER OF AJ BUSH & COMPANY.

THE PLAINTIFF NOW REFERS THE COURT TO THE LETTER DATED SEPTEMBER 24, 2007 SIGNED BY THE DECEDENT JD BUSH AND DEFENDANT ROBERT W GODWIN, (PARAGRAPH 3) "YOU INDICATED YOU HAD A MODEST ESTATE, THOUGH YOU WERE DISTANT RELATIVES OF THE OWNERS OF BUSH BROTHERS, WHICH I UNDERSTAND IS THE LARGEST PRODUCER OF CANNED BEANS IN THE WORLD."

HOW COULD THE DECEDENT JD BUSH BE DISTANT RELATIVES OF THE OWNERS OF BUSH BROS, WHEN IN FACT THEY WERE BOTH HIS FATHER AND UNCLES?

5. THE PLAINTIFF ALLEGES DEFENDANT JAY BUSH, ONE OF THE OWNERS OF BUSH BROTHERS, BUSH BROTHERS CANDIDE COMPANY, HAS CONSPIRED WITH THE OTHER DEFENDANTS TO DEFRAUD THE PLAINTIFF OUT OF THE PLAINTIFF'S SHARE OF A TRUST FUND WHICH THE PLAINTIFF BELIEVES WAS SET UP AFTER THE PLAINTIFF'S GRANDFATHER

(5)

DIED IN THE 1930's, THE PLAINTIFF'S GRANDFATHER, OSCAR L BUSH, WAS ONE OF THE FOUNDERS OF BUSH BROTHERS.

6. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT B) THE DECEDENTS WILL, PAGE 2, ARTICLE 10. THE PLAINTIFF HAS NOT RECEIVED ANY CASH FROM THE DECEDENTS BANK ACCOUNTS, ETC.

7. THE PLAINTIFF ALLEGES DEFENDANTS JOHN R. BUSH AND WIFE NANCY J BUSH, HAD AN "UNDUE INFLUENCE" ON THE DECEDENT, AND CONVINCED THE DECEDENT TO DEFRAUD THE PLAINTIFF, AND WRITE A FRAUDULENT WILL. THE PLAINTIFF MOVED FROM KNOXVILLE TO ATLANTA IN 1978, AND DID NOT HAVE THE SAME PERSON TO PERSON CONTACT THE DEFENDANTS HAD WITH THE DECEDENT.

8. THE PLAINTIFF ALLEGES THE DECEDENT MAY HAVE TRANSFERRED THE TRUST FUND OF OSCAR L BUSH TO DEFENDANTS JOHN R BUSH'S CHILDREN, DEFENDANTS JOHN JOSEPH BUSH AND REBECCA ELLEN BUSH, THE PLAINTIFF'S NEPHEW AND NIECE.

9. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT A) WARRANTY DEED, DATED MARCH 26, 1968. THE PLAINTIFF AND THE DECEDENT HAD FOUGHT, HAD ARGUMENTS, OVER THE WAY THE DECEDENT HAD TREATED HIS SISTER DORIS BUSH MILSAPS, REGARDING THE SALE OF THE PLAINTIFF'S GRANDMOTHERS PICIE HILL BUSH, OSCAR L BUSH'S WIFE'S PROPERTY. THE PLAINTIFF'S FATHER HAD ALWAYS (BAD MOUTHED) HIS SISTER DORIS IN FRONT OF THE PLAINTIFF, THE PLAINTIFF'S MOTHER, AND DEFENDANT JOHN R. BUSH. THE PLAINTIFF'S GRANDMOTHER DIED ON OR AROUND MAY 23, 1967 AT HER FUNERAL, THE DECEDENT JD BUSH AND HIS OLDER BROTHER DULIN BUSH, PUT ON A "BIG ACT" AND SAID THEY WERE BEING "RIPPED OFF" BY DORIS BUSH MILSAPS AND OSCAR BUSH JR. THE PLAINTIFF, ALTHOUGH ONLY 13 YEARS OLD AT THE TIME, DID NOT BELIEVE HIS FATHER OR UNCLE DULIN. THE PLAINTIFF NEVER TRUSTED THE DECEDENT BECAUSE THE PLAINTIFF KNEW HE WAS LYING ABOUT THE PLAINTIFF'S GRANDFATHERS

(7)

INVOLVEMENT WITH BUSH BROS & COMPANY. REGARDING THE DECEDENT'S CLAIM, AND OLDER BROTHER PULIN'S CLAIM THEY WERE BEING RIPPED OFF IN THE SALE OF THE PLAINTIFF'S GRANDMOTHERS PROPERTY BY DORIS BUSH MILSAPS AND OSCAR BUSH JR, THE PLAINTIFF SIMPLY DID NOT BELIEVE THEM.

THE PLAINTIFF BRINGS THIS TO THE COURTS ATTENTION BECAUSE THERE HAD BEEN A LIFE LONG DISPUTE BETWEEN THE PLAINTIFF AND HIS FATHER, THE DECEDENT, REGARDING THE PLAINTIFF'S GRANDFATHERS, OSCAR L. BUSH, INVOLVEMENT WITH BUSH BROTHERS, AND THE DECEDENTS VERBAL ABUSE, DEGRADING, OF HIS SISTER DORIS AND BROTHER OSCAR JR.

10. THE PLAINTIFF ALLEGES THAT DEFENDANT JOHN R. BUSH, THE PLAINTIFF'S BROTHER, AND DEFENDANT JAY BUSH, THE PLAINTIFF'S COUSIN HAVE IN FACT MET, SOCIALIZED, ETC. DURING ONE OF THE PLAINTIFF'S VISITS TO KNOXVILLE, AT CHRISTMAS, 2003 - 2006 THE PLAINTIFF DOES NOT RECALL WHICH YEAR, THE PLAINTIFFS BROTHER JOHN A. BUSH, SHOWED THE PLAINTIFF A PICTURE OF HIM AND JAY BUSH TOGETHER, THE PLAINTIFF'S BROTHER, JOHN R. BUSH STATED THAT HE HAD ATTENDED A FUNERAL OF JAY BUSH'S

(8)

FATHERS. THE PLAINTIFF HAS NEVER MET JAY BUSH OR HAD ANY CONTACT WITH HIM. WHILE ON THE SUBJECT OF DEFENDANT JAY BUSH, THE PLAINTIFF WOULD DIRECT THE COURT TO THE NUMBER OF COMMERCIALS DEFENDANT JAY BUSH HAS BEEN IN ON TELEVISION, ALONG WITH HIS DOG "DUKE". IF YOU WALK INTO ANY GROCERY STORE AND GO TO THE CANNED VEGGTABLE SECTION, YOUR GOING TO FIND A SECTION WHERE THERE ARE BUSH'S BEANS. THE PLAINTIFF BRINGS THIS TO THE COURT'S ATTENTION SO THE COURT WILL UNDERSTAND THE "MAGNITUDE" OF HOW MUCH THE PLAINTIFF HAS BEEN DEFRAUDED OUT OF.

11. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT A) LETTER DATED FEBRUARY 28, 2008 SENT TO THE PLAINTIFF VIA U.S. MAIL BY DEFENDANT ROBERT W. GODWIN. THE PLAINTIFF ALLEGES DEFENDANT ROBERT W. GODWIN CONSPIRED WITH THE OTHER DEFENDANTS TO DEFRAUD THE PLAINTIFF BY NOT DISCLOSING TO THE PLAINTIFF, THE PLAINTIFF'S SHARE OF THE TRUST FUND SET UP IN THE

(9)

PLAINTIFF'S GRANDFATHERS NAME, THE OSCAR L BUSH TRUST FUND. THE PLAINTIFF FURTHER ALLEGES THE PLAINTIFF WAS DEFRAUDED OUT OF ANY CASH AND OTHER ASSETS HELD BY THE DECEDENT PRIOR TO HIS DEATH. THE PLAINTIFF ALLEGES A BLATANT "BREACH OF FIDUCIARY DUTY" BY DEFENDANT ROBERT W. GODWIN, WHO HAS AND CONTINUES TO DEFRAUD THE PLAINTIFF. THE PLAINTIFF WOULD CITE U.S.C. 18 § 1341, U.S. V. ALTMAN C.A.2 (N.Y.) 1995, 48 F.3D 96. THE PLAINTIFF HAS YET TO RECEIVE ANY MONIES FROM THE SALE OF THE DECEDENTS HOME, BANK ACCOUNTS, AND FROM THE OSCAR L BUSH TRUST FUND, OR ANY OTHER TRUST SET UP IN THE PLAINTIFF'S GRANDFATHERS NAME.

12. THE PLAINTIFF NOW REFERS THE COURT TO (EXHIBIT C) A LETTER DATED JUNE 26, 2008, AND A PURPORTED AGREED ORDER DATED 10/16/2008. BOTH WERE SENT TO THE PLAINTIFF VIA U.S. MAIL. THE PLAINTIFF HAS NOT YET RECEIVED HALF OF THE $194,500.00 PRICE, APPRAISAL.

DEFENDANT ROBERT W. GODWIN FAILED TO MENTION ANY SETTLEMENT REGARDING BUSH BROS., OSCAR L. BUSH TRUST FUND, ETC. IN THE OCTOBER 16, 2008 AGREED ORDER. THE PLAINTIFF WOULD ALSO CITE DEFENDANT ROBERT W. GODWIN'S REFERRAL TO PREVIOUS TELEPHONE CONVERSATIONS BETWEEN THE PLAINTIFF AND HIM IN THE LETTER DATED JUNE 26, 2008. AGAIN, THE PLAINTIFF ALLEGES DEFENDANTS CONSPIRED TO VIOLATE U.S.C. 18 § 1341 MAIL FRAUD USC 18 § 1343 WIRE FRAUD, AND WOULD CITE U.S. V. ALTMAN, C.A.2. (N.Y.) 1995 48 F.E.D. 96

13. ON OR AROUND JUNE, 2008 THE PLAINTIFF FILED A MOTION OF CONTEST WITH THE PROBATE COURT. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT A) RESPONSE TO MOTION OF CONTEST FILED BY THOMAS KYLE BUSH DATED JULY 15, 2008, ALONG WITH THE PLAINTIFF'S REBUTTAL TO DEFENDANTS RESPONSE TO MOTION OF CONTEST DATED AUGUST 6, 2008. AGAIN, THE PLAINTIFF ALLEGES THE DEFENDANTS VIOLATED 18 § USC 1341 MAIL FRAUD, THE PLAINTIFF WOULD CITE U.S. V. ALTMAN, C.A.2 (N.Y.) 1995 48 F. 3D. 96.

(11)

14. The probate court did have a hearing regarding the plaintiff's motion of contest on October 16, 2008. (Exhibit C) The plaintiff has yet to receive any money for the house or from Oscar L Bush's trust fund.

15. On April 28, 2009, the plaintiff filed a motion for reconsideration of the probate courts October 16, 2008 order (Exhibit D) The plaintiff alleges the defendants Robert W Godwin, John R. Bush, Nancy J Bush, Home Federal Bank, Jennifer Collier, et al. conspired to defraud the plaintiff out of my share of the property, the decedents home. The plaintiff alleges the defendants committed multiple violations of U.S.C 18 § 1341 mail fraud, U.S.C 18 § 1343 wire fraud, U.S. v. Altman, C.A.2 (N.Y.) 1995, 48 F.3d 96, The plaintiff alleges defendant Home Federal Bank, defendant Jennifer Collier violated U.S.C. 18 § 1005, U.S.C. 18 § 1006, regarding bank fraud, and certainly the RICO statutes U.S.C. 18 § 1951, U.S.C. 18 § 1952, U.S.C. 18 § 1961, U.S.C 18 § 1962 regarding the collection of an unlawful debt.

(12)

THE PLAINTIFF REFERS THE COURT TO (EXHIBIT D) RESPONSE TO THOMAS K. BUSH MOTIONS TO COMPEL ANSWERS

16. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT E) MASTERS REPORT REGARDING THE HEARING HELD ON JULY 23, 2009. THE PLAINTIFF ALLEGES THAT DURING THE HEARING DEFENDANT ROBERT W. GODWIN STATED THAT HE WOULD NOT HAVE SIGNED THE QUIT CLAIM DEED (EXHIBIT D) SAT IN COURT AND LAUGHED ABOUT IT.

17. THE PLAINTIFF REFERS THE COURT TO (EXHIBIT F) A LETTER DATED MARCH 19, 2010 SENT TO THE PLAINTIFF VIA U.S. MAIL BY DEFENDANT JOHN R. BUSH. THE PLAINTIFF HAS NEVER HAD ANY DISCUSSIONS WITH DEFENDANT JOHN R. BUSH IN REGARDS TO RENTING THE PROPERTY, THE ESTATE, AT 2104 BELCARO DR. THE PLAINTIFF WOULD LIKE TO KNOW WHY DEFENDANT JOHN R. BUSH WOULD HAVE TO LOAN THE ESTATE $4,000.? WHERE DID DEFENDANT JOHN R. BUSH GET THE $4,000 DOLLARS?

THE PLAINTIFF REFERS THE COURT TO THE OCTOBER 16, 2008 AGREED ORDER BY THE PROBATE COURT IN REGARDS TO THAT APPRAISAL. IN NO WAY HAS THE PLAINTIFF AGREED TO ANYTHING DEFENDANT JOHN R. BUSH STATES IN THAT LETTER. CLEARLY, THIS IS AN ACT OF EXTORTION AND A VIOLATION OF U.S.C 18§1962 COLLECTION OF AN UNLAWFUL DEBT. THE PLAINTIFF HAS NOT SPOKEN WITH DEFENDANT JOHN R. BUSH SINCE THE JULY 23, 2009 HEARING.

18. THE PLAINTIFF'S CLAIM IS THE DEFENDANTS HAVE DEPRIVED THE PLAINTIFF OF PROPERTY RIGHTS, DEPRIVED THE PLAINTIFF OF MONIES OWED TO THE PLAINTIFF FROM THE ESTATE OF JP BUSH AND THE ESTATE OF OSCAR L BUSH. IN DOING SO, THE DEFENDANTS HAVE VIOLATED TO STATUTES OF TITLE 18 U.S.C. AND THE CRIMINAL CODE OF THE STATE OF TENNESSEE.

19. REGARDING DAMAGES, THE PLAINTIFF SUBMITS A MOTION FOR MONETARY DAMAGES, RELIEF FILED IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE, PROBATE DIVISION ON APRIL 28, 2009.

THE PLAINTIFF DEMANDS FIVE (5) MILLION DOLLARS IN PUNITIVE, EXEMPLARY DAMAGES FROM BUSH BROS. AND COMPANY, KNOXVILLE TENNESSEE AND ANY OF ITS SUBSIDIARY COMPANIES. THE PLAINTIFF DEMANDS FIVE (5) MILLION DOLLARS FOR FUTURE DAMAGES, HEDONIC DAMAGES, AND IRREPARABLE DAMAGES FROM DEFENDANT BUSH BROS AND COMPANY AND ANY OF ITS SUBSIDIARY COMPANIES.

THE PLAINTIFF DEMANDS THAT BUSH BROS. + COMPANY, THE OSCAR L BUSH TRUST FUND, AND ANY SUBSIDIARY COMPANIES PAY THE PLAINTIFF THE SAME MONEY IT HAS TO ANY OTHER BENEFICIARIES OF THE OSCAR L BUSH TRUST FUND, RETROACTIVE FROM THE PLAINTIFFS YEAR OF BIRTH, 1953, AND TO CONTINUE TO PAY THE PLAINTIFF IN THE FUTURE. THE PLAINTIFF DEMANDS THAT BUSH BROS + COMPANY PAY ALL COURT COSTS, ATTORNEY FEES, AND ANY OTHER COSTS ARISING FROM THIS ACTION.

THE PLAINTIFF DEMANDS ONE (1) MILLION DOLLARS FROM DEFENDANT ROBERT W GODWIN FOR PUNITIVE, EXEMPLARY DAMAGES.

(15)

THE PLAINTIFF DEMANDS AN ADDITIONAL ONE (1) MILLION DOLLARS FOR FUTURE DAMAGES, HEDONIC DAMAGES, AND IRREPARABLE DAMAGES FROM DEFENDANT ROBERT W. GODWIN.

THE PLAINTIFF DEMANDS ONE (1) MILLION DOLLARS FOR PUNITIVE, EXEMPLARY DAMAGES FROM DEFENDANT JOHN R. BUSH. THE PLAINTIFF DEMANDS AN ADDITIONAL ONE (1) MILLION DOLLARS FOR FUTURE DAMAGES, HEDONIC DAMAGES, AND IRREPARABLE DAMAGES FROM DEFENDANT JOHN R. BUSH.

THE PLAINTIFF DEMANDS ONE (1) MILLION DOLLARS FOR PUNITIVE, EXEMPLARY DAMAGES FROM DEFENDANT NANCY J BUSH. THE PLAINTIFF DEMANDS AN ADDITIONAL ONE (1) MILLION DOLLARS FOR FUTURE DAMAGES, HEDONIC DAMAGES, AND IRREPARABLE DAMAGES FROM DEFENDANT NANCY J BUSH.

THE PLAINTIFF DEMANDS THAT DEFENDANT HOME FEDERAL BANK, AND ANY OF IT'S SUBSIDIARY COMPANIES, DEFENDANT JENNIFER COLLIER, PAY THE PLAINTIFF (1) ONE MILLION DOLLARS IN PUNITIVE, EXEMPLARY, DAMAGES, AND AN ADDITIONAL ONE (1) MILLION DOLLARS FOR FUTURE DAMAGES, HEDONIC DAMAGES, AND IRREPARABLE DAMAGES.

(16)

THE PLAINTIFF REFERS THE COURT TO THE LETTER DATED MARCH 10, 2009, SENT TO THE PLAINTIFF BY DEFENDANT ROBERT W. GODWIN, VIA U.S. MAIL, AND THE PLAINTIFF'S SUBSEQUENT TELEPHONE CONVERSATIONS WITH JENNIFER COLLIER AND ROBERT W. GODWIN. OBVIOUSLY, IT WAS THEIR INTENT TO DEFRAUD THE PLAINTIFF.

REGARDING THE OTHER BENEFICIARIES, OF THE ESTATE, RON FRENCH, MARGARET FAYE DOUGLAS, REBECCA ELLEN BUSH, JOHN JOSEPH BUSH, BRENDA L MCCANN, AND ANY OTHER UNNAMED DEFENDANTS, THE PLAINTIFF IS UNSURE AT THIS POINT OF THEIR INVOLVEMENT WITH THE OTHER DEFENDANTS ~~[illegible]~~ CONSPIRACY TO DEFRAUD THE PLAINTIFF. THE PLAINTIFF RESERVES THE RIGHT TO SEEK DAMAGES AGAINST THEM DEPENDING ON THE OUTCOME OF ANY INVESTIGATION CONDUCTED BY THE COURT, U.S. ATTORNEY, KNOX COUNTY TENNESSEE DISTRICT ATTORNEY, ETC.

THE PLAINTIFF REFERS THE COURT TO CIVIL ACTION NO. 1:10 CV 1423 FILED BY THE PLAINTIFF ON MAY 11, 2010 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION. AS PART OF THE RELIEF SOUGHT IN THAT ACTION, THE PLAINTIFF HAS REQUESTED THAT MY "CONSTITUTIONAL GUARDIANS", REPRESENT THE PLAINTIFF IN THIS ACTION. THE PLAINTIFF REFERS THE COURT TO FEDERAL RULES OF CIVIL PROCEDURE 17. (A) (C) A GUARDIAN, ALSO TO RULE 19 REQUIRED JOINDER OF PARTIES.

RESPECTFULLY SUBMITTED
THIS THE 13 DAY OF SEPTEMBER 2010

*Thomas R Bush*

THOMAS R BUSH
PROCEEDING PRO SE

(18)